# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

Thomas H.L. Barfell, Dylan Hrabik,
Ryan Sanders, Stephen Brown,
David Mclarin, John Doe,
    Plaintiff(s),
v.

**CLASS ACTION CASE#:**
**22-cv-171**

Sgt Rocha, Nurse Alt, Wen, Fuchs,
Zenk, Kessnik, Lloyd, Leiser, Olson
Amosa, Hibma, John Doe, Fofana, Snow,
Jane Doe, officers and state inspector,
    Defendant(s).

---

## AMENDED COMPLAINT

---

### I. JURISDICTION

This is a civil action authorized by 42 U.S.C Section §1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution. The court has jurisdiction pursuant to 28 U.S.C Section 2201 and 2202. Plaintiffs claims for relief are authorized by 28 U.S.C Section 2283 and 2284, as well as rule 65 of the Federal Rules of Civil Procedure.

    The EASTERN District of Wisconsin is an appropriate venue under 28 U.S.C Section 1931 (b)(2) because it is where the events giving rise to the claim occurred.

### II. PLAINTIFF(S)

    Thomas H.L. Barfell, was at all times mentioned herein, confined to the Columbia Correctional Institution, Unit 1, B Lower, Cell 43. He is currently confined to the Columbia Correctional Institution.

    Dylan Hrabik, was at all times mentioned herein, confined to the Columbia Correctional Institution, Unit 1, B Lower, Cell 46. He is currently confined to the Columbia Correctional Institution.

    Ryan Sanders, was at all times mentioned herein, confined to the Columbia Correctional Institution, Unit 1, B Lower, Cell 41. He is currently confined to the Columbia Correctional Institution.

    Stephen Brown, was at all times mentioned herein, confined to the Columbia Correctional Institution, Unit 1, B Lower, Cell 45. He is currently confined to the Columbia Correctional Institution.

David McLarin, was at all times mentioned herein, confined to the Columbia Correctional Institution, Unit 1, B Lower, Cell 44. He is currently confined to the Columbia Correctional Institution.

### III. DEFENDANTS

Rocha, was the unit 1 Sgt on duty at the time and responsible ensuring the policy was followed and inmates with medical concerns received the proper medical attention.

Sgt Wen was present and responsible for assisting other officers with the cell extraction.

Zenk was the supervisor at the time and responsible for supervising the cell extraction and ensuring policy was followed.

Sgt Kassnik was present and responsible for assisting officers with the cell extraction.

Lloyd was present and responsible for assisting officers with the cell extraction.

Hibma was present and responsible for monitoring the cell extraction from the unit 1 control station. She was also responsible for responding to inmates concerns via the unit intercom.

Amosa was working the 2 nights following the cell extractions. She conducted security checks and was responsible for ensuring inmates with medical concerns were provided with medical care.

Nurse Alt was working the night of the cell extraction and was responsible for ensuring inmates who needed medical attention received care.

Fofana is the Health Services Unit (HSU) manager at C.C.I. and is responsible for ensuring that an inmates medical needs are being addressed.

Rachel Snow is the BHS coordinator and responsible for coordinating HSU staff and ensuring policy is followed and inmates medical needs aren't ignored.

C. Olson is the unit 1 manager, Corrections Program Supervisor, at C.C.I and is responsible for ensuring officers on unit 1 are following policy and inmates rights aren't being violated, if an inmate expressed some type of concern to him about unit operations. He is supposed to address those concerns and look into resolving those issues.

Fuchs is the warden at C.C.I. and is responsible for ensuring policy at the institution is being followed, as well as, ensuring employees, C.O's, nursing staff, aren't violating an inmates constitutional rights and they are receiving the proper medical care they need.

John and Jane Doe medical staff are all the medical staff that responded to Health Service Request forms or knew about our concerns but never seen plaintiffs.

Mary Leiser is a secretary and responds to Institution Complaint issues even though it isn't a part of her job duties. She I supposed to make the I.C.E system clear and easy but imposes rules not part of the I.C.E process and makes it complicated or impossible to file complaints.

Boyer is the Institution Complaint Examiner supervisor and is responsible for ensuring I.C.E Department is following policy and inmates are allowed to use the I.C.E to exhaust their remedies.

State inspector is responsible for ensuring emergency call buttons work,

### IV. STATEMENT OF CLAIM

Officer Wilson walked through the B Lower tier to conduct a security check. Our windows were still covered. He told us to uncover our windows. Some of us told him we weren't going to do so until we received medical attention. The rest of us informed him that we were on the floor and could not get up to take down the coverings. He said "Okay, don't worry, ill contact HSU for you." HSU nurse Alt was contacted. She informed Wilson that she would call him back. When she called back, she informed Wilson that none of us had any inhalers or asthma, so she wasn't going to come down and speak to any of us. At approximately 11:40p.m., Sgt Rocha walked through to conduct a security check. We told her that we needed medical attention. Our windows were STILL covered. She ignored our requests for medical attention. She didn't ask us if we were okay, didn't physically see that we were okay, but instead blatantly ignored us. After the 11:40p.m. security check, though our windows were still covered, they didn't check on us or ask us if we were okay. We also asked for showers the entire night, but were denied. Several of us had burning and itching eyes and skin and were unable to sleep because we had not been given showers. §DOC 306.09 – Use of Incapacitating Agents. §DOC 306.09(6) "Medical Attention and Clean Up: As soon as possible after an incapacitating agent has been used, staff shall provide exposed inmates an opportunity for any necessary hygienic needs and shall consult with medical staff who shall provide any appropriate medical care." We all submitted HSU forms between 02/04/22 and 02/07/22 At the writing of this complaint, we hadn't received a response to any of our HSR. And still haven't even seen an ACP for our concerns. On 02/05/22 and 02/06/22 officer Amosa was working 3rd shift on unit 1. She came through and conducted a security check. We informed her that we needed to see HSU because we were still having trouble breathing, coughing up blood, having chest pains, or wanted injuries tended to. She contacted HSU and at first said Nurse Alt had refused to see us. When she came through to conduct her next security check she informed me that nurse Alt had told her to send me up to HSU. We continued to notify her of our concerns but received no medical attention.

    At the beginning of the statement, I forgot to note that officer/supervisor Zenk was previously aware of my medical conditions and respiratory issues, as he has addressed several complaints I submitted regarding those issues. He was also aware of what cell I was in, as he has come to speak to my several times in the location I currently reside. Also forgot to note, when Sgt Rocha was conducting her 3rd security check, Ryan Sanders asked Rocha if she had contacted HSU and she told him she had not and wasn't going to.

    Between 02/04/22 and 02/15/22, plaintiffs submitted multiple requests to Unit Manager Olson. Olson failed to respond or properly address concerns plaintiffs have regarding officers not contacting HSU when inmates need medical attention, following policy, and using O/C spray around inmates who have medical conditions that would have an impact on their health. He told plaintiff Stephen Brown "If you write me I will not respond, you can talk to me when you see me on the unit." 5 minutes later, Barfell attempted to address his concerns with Olson. Olson told Barfell "go lock in or your getting a conduct report. Im not here to talk to you about that right now." Olson rarely comes on unit 1 to speak with inmates. Ive seen him only this one time in 2-1/2 months. He hasn't talked to any of the individuals involved in the incidents that took place on 02/04/22, about their misconduct, which is his duty. He also refused plaintiffs medical attention. Plaintiffs wrote warden Fuchs several times since the incidents transpired.

4

Plaintiffs informed Fuchs that Olson wasn't responding or addressing unit concerns. It is his job duty to ensure this is done. Plaintiffs informed Fuchs that they weren't given adequate medical care. Plaintiffs still have not received proper medical care and he is responsible for ensuring they do. Plaintiffs submitted several HSU forms to HSU manager Fofana between 02/04/22 and 02/15/22. Plaintiffs informed Fofana of their medical concerns and HSU refusing to see them and ignoring them. Plaintiffs have received no response from Fofana. Plaintiffs have not been given proper medical care. She has failed to perform her job duties. Rachel Snow responded to Barfells request regarding the cell extraction O/C spray being used and medical staff refusing to see plaintiffs. Rachel snow tried to argue that we didn't have a right to medical attention and that policy wasn't violated. Instead of consulting with medical staff or the officers involved in the incident, like her job duties require, she just assumed that plaintiffs were okay and didn't need any medical attention. Even though Barfell clearly identified that plaintiffs were having trouble breathing and chest pains. Thomas H.L. Barfell continues to submit Inmate Complaints to Leiser and Boyer regarding medical concerns, especially related to case# 21-cv-725. The ICE department continues to make submitting complaints a very complicated process regarding the underlying issues in this proceeding. They are participating in affirmative misconduct. ICE makes the Inmate Complaint process complicated or impossible to follow and has expectations that cannot be met.

Also noteworthy is plaintiff Ryan Sanders #704491, after coughing up blood and expressing a high amount of concern, Sgt. Rocha had decided to put him into segregation for adamantly demanding medical attention and he was removed from the unit and given an inmate conduct report with Disciplinary Separation time.

John and Jane Doe nurses respond to or ignored HSU slips submitted by plaintiffs between 02/04/22 and 02/15/22. They refused to provide them medical care and refused to see them. This also relates to medicals staff that seen plaintiffs in person and denied or refused to provide plaintiffs medical care. Written by Thomas H.L. Barfell

## V. ADMINISTRATIVE REMEDIES

Administrative remedies are currently being exhausted. Due to the severity of the underlying issues, the fact that there is really nothing that can reverse our issues, and the fact that ICE refuses to acknowledge, rejects, or dismisses complaints submitted for very serious medical needs, as well as taking 3 months to dismiss those complaints in most cases, we are exhausting our remedies during the filing of this complaint. The Inmate Complaint Examiners Office continually and consistently sends complaints back with a return letter stating an issue including but not limited to: 1.) Following the institutional 'chain of command' to resolve our issue, despite us already having done so, and providing the necessary documents to prove this; 2.) Telling plaintiffs to write the same individuals we already wrote, then "Allow staff (10) ten business days to provide a response," and .."Resubmit your complaint within (10) ten days." (ICE is hindering our ability to exhaust by these conflicting statements in this way: if we allow staff members 10 **business days** to respond, that would take beyond 10 **days** and result in the dismissal of a complaint by failure to submit in a timely manner.); and 3.) Instructing plaintiffs to state "One clearly identified issue" despite putting our one clearly identified issue in the section that says: "Briefly state who or what is the **ONE** issue, of this complaint. What remedial action are you requesting?"

## VI. LEGAL CLAIMS

Each defendant was aware of the policy regarding incapacitating agents, as well as the policy regarding providing inmates adequate medical care and hygienic needs. They were also aware that trouble breathing, chest pain, coughing up blood, and hitting your head after losing consciousness were serious medical needs and refusing to contact HSU or allow us medical care was deliberately indifferent to our serious medical needs, protected by the 8th Amendment of the United States Constitution. It created psychological torment, emotional distress, unnecessary pain and suffering, and the unwanton infliction of pain.

Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiffs request the court to grant a permanent injunction to change CCI's continuous violation of policy and the United States Constitution.

## VII. PRAYER FOR RELIEF

Wherefore, plaintiffs respectfully pray and request this court enter judgment: grant all plaintiffs a declaration that the acts and omissions described herein violate their rights under the constitution and laws of the United States, a preliminary and permanent injunction ordering all defendants to cease their constitutional and policy violations.

And, granting all plaintiffs in this matter, compensatory damages of $250,000 against each defendant, jointly and severally. And granting plaintiffs in this matter punitive damages in the amount of $250,000 against each defendant, jointly and severally. Plaintiffs also seek recovery of their costs in this suit. And any other relief this court deems just, proper, and equitable.

Plaintiffs also seek a jury trial on all issues triable by jury.

The foregoing is true and accurate to the best of my knowledge under penalty of perjury.

Respectfully submitted,

Thomas H.L. Barfell #478693
Columbia Correctional Institution
P.O Box 900; Portage, WI. 53901.

Dylan A. Hrabik #628787
Columbia Correctional Institution
P.O. Box 900; Portage, WI. 53904

Stephen Brown #468393
Columbia Correctional Institution
P.O. Box 900; Portage, WI. 53901.

David McLarin #549667
Columbia Correctional Institution
P.O. Box 900; Portage, WI. 53901.

Ryan Sanders #704491
Columbia Correctional Institution
P.O. Box 900; Portage, WI. 53901.

Plaintiffs, Pro Se

Dated this 15th day of February, 2022.